FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2020 JUL 13 AM 11: 12

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

THOMAS S. MILLER,

Defendant.

8:20CR86

INFORMATION
26 U.S.C. § 7201

The United States Attorney charges:

<u>COUNT I</u>

1.      During the calendar year 2014, THOMAS S. MILLER, defendant herein, was employed in the District of Nebraska by Sioux Plating Company, Inc. (SPC). Defendant also had an ownership interest in SPC, which was sold in 2014.

2.      During the calendar year 2014, defendant received taxable income from SPC in the sum of $38,144. During the calendar year 2014, defendant received taxable income in the sum of $598,977 from the sale of his ownership interest in SPC. Upon that 2014 taxable income, there was owing to the United States of America an income tax of $125,408.

3.      Well knowing the foregoing facts, and failing to make an income tax return on or before April 15, 2015, as required by law, to any proper officer of the Internal Revenue Service, and pay to the Internal Revenue Service the income tax, defendant, in the District of Nebraska and elsewhere, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year 2014 by taking affirmative acts of evasion at times material to this Indictment, which included, but is not limited to, the following:

1

a.  Through July 2011, defendant was a Form W-2 (Wage and Tax Statement) earner at SPC, receiving weekly paychecks.  On or about August 1, 2011, in an effort to hide and conceal his income from the Internal Revenue Service, SPC re-classified defendant's weekly paychecks from employee paychecks to "vendor payments," when in fact defendant was still an employee of SPC.

b.  For the purpose of hiding income earned during 2014, defendant received weekly paychecks from SPC in an amount totaling $38,144.  In an effort to hide and conceal his 2014 income from the Internal Revenue Service, defendant caused SPC to not issue a Form 1099 or Form W-2 to defendant for the 2014 paychecks issued to defendant.  This also resulted in SPC not making proper income tax withholdings and forwarding withheld income taxes to the Internal Revenue Service on income earned by defendant in 2014.

c.  On or about September 24, 2014, defendant received a cashier's check in the amount of $605,977 from the sale of his ownership interest in SPC.  Between September 24, 2014 and June 29, 2016, defendant used cashier's checks to engage in approximately 41 bank transactions, which included depositing cashier's checks and receiving cashier's checks payable to himself in an effort to hide and conceal his income from the Internal Revenue Service.

d.  On or about September 24, 2014, defendant paid $24,000 toward debt and received back a cashier's check for $581,977.

e.  On or about March 10, 2015, defendant converted a cashier's check in the amount of $569,977 and received back three (3) cashier's checks of $5,000 each, one (1) cashier's check of $549, $5,000 in cash, and a cashier's check of $549,428.

2

f.  On or about June 19, 2015, defendant converted a cashier's check in the amount of $545,928 and received back five (5) cashier's checks of $100,000 each and nine (9) cashier's checks of $5,000 each, with $98 going toward fees for the cashier's checks purchased, and $830 deposited into defendant's account.

g.  On or about September 15, 2015, defendant converted a cashier's check in the amount of $100,000 and received back one (1) cashier's check of $80,000, three (3) cashier's checks of $5,000 each, $28 going toward fees for the cashier's checks purchased, and $4,972 in cash.

h.  On or about October 30, 2015, defendant converted a cashier's check in the amount of $80,000 and received back one (1) cashier's check of $60,000, three (3) cashier's checks of $5,000 each, and $5,000 in cash.

i.  On or about December 18, 2015, defendant converted a cashier's check in the amount of $60,000 and received back one (1) cashier's check of $30,000, five (5) cashier's checks of $5,000 each, and $4,658 in cash, with $42 going toward fees for the cashier's checks purchased and $300 deposited into defendant's account.

j.  On or about March 28, 2016, defendant converted a cashier's check in the amount of $30,000 and received back four (4) cashier's checks of $5,000 each, one (1) cashier's check of $4,958, and $5,000 in cash, with $42 going toward fees for the cashier's checks purchased.

k.  On or about June 29, 2016, defendant converted a cashier's check in the amount of $100,000 and received back one (1) cashier's check of $65,000, five (5) cashier's checks of $5,000 each, one (1) cashier's check of $4,944, and $5,000 in cash, with $56 going toward fees for the cashier's checks purchased.

3

1.   Defendant did not file a personal federal income tax return for calendar year 2014.

In violation of Title 26, United States Code, Section 7201.

UNITED STATES OF AMERICA,
Plaintiff

JOSEPH P. KELLY
United States Attorney
District of Nebraska

By:  _____
DONALD J. KLEINE, #22669
Assistant U.S. Attorney

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

_____
DONALD J. KLEINE, #22669
Assistant U.S. Attorney

information.docx                        4